**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIE B. SHARP, JR.,

      Plaintiff,

v.                                CASE NO: 8:07-cv-1274-T-26MAP

UNITED STATES OF AMERICA,

      Defendant.

_____/

## O R D E R

The Court has for its consideration Plaintiff's Motion to Vacate filed pursuant to 28 U.S.C. § 2255.  The Court has undertaken a prompt preliminary review of the motion, together with the record of the prior criminal proceedings,[1] as required by Rule Four of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court is of the opinion that the motion is due to be summarily dismissed without the need for a response from Defendant or an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Plaintiff is entitled to no relief.

Plaintiff pleaded guilty pursuant to a written plea agreement to a one-count indictment charging him with being a convicted felon in possession of a firearm in

_____

[1]  See case number 8:05-cr-39-T-26MAP.

violation of 18 U.S.C. § 922(g)(1).[2]  The Court subsequently sentenced him to a low-end advisory guideline range of 180 months followed by 60 months of supervised release.[3] Plaintiff appealed, despite a waiver of appeal provision in his plea agreement, following which the Eleventh Circuit Court of Appeals affirmed his conviction and sentence after independently reviewing the record consistent with the mandate of <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[4]  Plaintiff now seeks relief under the auspices of § 2255 by interposing six grounds for relief, none of which have merit in light of the record.

Plaintiff contends in grounds one and two that he is actually innocent of the crime charged because being a convicted felon in possession of a firearm is not a crime under federal law.  These claims are frivolous and rejected without further comment or analysis.

In ground three, Plaintiff questions the correctness of sentencing him as an armed career criminal pursuant to 18 U.S.C. § 924(e).  His past criminal history, however, reflects convictions for delivery of cocaine, attempted burglary of a dwelling, and two burglaries of a dwelling, offenses which clearly fall within the ambit of the statute as constituting either a serious drug offense or a violent felony.  <u>See</u> <u>United States v. Horne</u>, 206 Fed.Appx. 942 (11th Cir. 2006); <u>United States v. Matthews</u>, 466 F.3d 1271 (11th Cir. 2006); <u>United States v. James</u>, 430 F.3d 1150 (11th Cir. 2005).

---

[2]  <u>See</u> <u>id.</u>, dockets 1, 26, and 45.

[3]  <u>See</u> <u>id.</u>, dockets 35 and 37.

[4]  <u>See</u> <u>id.</u>, docket 50.

Plaintiff complains in ground four that the Court placed the burden on him to explain the nature and magnitude of the prior convictions used to enhance his sentence under § 924(e).  The sentencing transcript refutes this claim.  As that transcript reflects, the Court was concerned with Plaintiff's contention that certain offenses appearing in the presentence report did not relate to him.  Consequently, in order to alleviate this concern, the Court inquired of Plaintiff which offenses he claims he did not commit, after which the Court removed two of them from consideration.[5]  With regard to the remaining offenses, Plaintiff clearly acknowledged he committed them.[6]

In ground five, Plaintiff complains that the Court committed error in imposing a minimum mandatory sentence of 15 years because his plea was not based on § 924(e) but on § 922(g)(1).  This claim likewise has no merit because the United States Magistrate Judge who presided over Plaintiff's change of plea hearing made it abundantly clear to him that he was in fact facing a minimum mandatory term of fifteen years of imprisonment as an armed career criminal.[7]

Plaintiff's final ground in support of relief is similar to his fifth ground in that he claims the sentence imposed exceeded the ten year statutory maximum sentence for violating § 922(g)(1).  As noted in response to ground five, Plaintiff was clearly on notice at the time of his plea, including by way of his plea agreement, that one of the

---

[5]  See id., docket 37, pages 5-9.

[6]  See id., docket 37, page 8.

[7]  See id., docket 45, page 13.

consequences of his plea was the imposition of a fifteen year mandatory minimum sentence under the provisions of § 924(e).

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Plaintiff's Motion to Vacate (Dkt. 1) is summarily dismissed.

2) The Clerk is directed to enter judgment for Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on July 24, 2007.


        s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, pro se